Law Office of Thomas A. Miller, PC
Thomas A. Miller, Bar No. 129473
156 Avenida Victoria
San Clemente, CA 92672
Telephone: (949) 218-2111
Facsimile: (949) 218-1191
Thom@ThomMillerLaw.com

Attorney for Defendant: BLUEHORNET NETWORKS, INC.

FILED

11 APR 21 PM 3:11

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>**EPIC CYCLE INTERACTIVE, INC.**<br><br>Debtor.<br><br>RONALD E. STADTMUELLER<br><br>Plaintiff,<br><br>v.<br><br>BLUEHORNET NETWORKS, INC.,<br><br>Defendant. | Case No. 08-03289-JM7<br><br>Honorable James W. Myers<br><br>ADVERSARY NO. 11-90105-JM<br><br>**ANSWER OF DEFENDANT BLUEHORNET NETWORKS, INC. TO COMPLAINT TO AVOID AND RECOVER ALLEGED PREFERENTIAL TRANSFERS; AFFIRMATIVE DEFENSES**<br><br>**JURY DEMAND**<br><br>Case Filed: April 22, 2008<br>Adversary Complaint Filed: March 3, 2011<br>Dept.: 5 |

Defendant BLUEHORNET NETWORKS, INC. ("Defendant"), in response to Plaintiff Ronald E. Stadtmueller's ("Plaintiff") Complaint in this Adversary Action, denies all liability for the claims alleged and hereby answers, avers and pleads as follows:

///

Case No. 08-03289-JM7
Adversary No. 11-90105-JM

ANSWER OF BLUEHORNET NETWORKS INC.

1. Answering Paragraph 1 of the Complaint, based upon the Court's Docket, Defendant admits the allegations.

2. Answering Paragraph 2 of the Complaint, based upon the Court's Docket, Defendant admits the allegations.

3. Answering Paragraph 3 of the Complaint, based upon the Court's Docket, Defendant admits the allegations.

4. Answering Paragraph 4 of the Complaint, Defendant admits only that Case No. 08-03289-JM7 is pending on the docket of this Court, but otherwise lacks sufficient information to admit or deny the allegations, and thus enters its denial.

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and thus enters its denial.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and thus enters its denial.

7. Answering Paragraph 7 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and thus enters its denial.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and thus enters its denial.

### FIRST CLAIM FOR RELIEF

9. Answering Paragraph 9 of the Complaint, Defendant incorporates by reference its responses and denials to Paragraphs 1 through 8 above as though fully set forth herein.

10. Answering Paragraph 10 of the Complaint, Defendant admits only that it received from Epic Cycle Interactive, Inc. ("Debtor") in the ordinary course of business payments totaling approximately $17,918.23 during the 90 day period prior to April 22, 2008. Except as so admitted, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendant admits only that it received from Epic Cycle Interactive, Inc. ("Debtor") in the ordinary course of

business payments totaling approximately $17,918.23 during the 90 day period prior to April 22, 2008. Except as so admitted, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Defendant admits only that it received from Epic Cycle Interactive, Inc. ("Debtor") in the ordinary course of business payments totaling approximately $17,918.23 during the 90 day period prior to April 22, 2008. Except as so admitted, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Defendant admits only that it received from Epic Cycle Interactive, Inc. ("Debtor") in the ordinary course of business payments totaling approximately $17,918.23 during the 90 day period prior to April 22, 2008. Except as so admitted, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and thus enters its denial.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations.

**SECOND CLAIM FOR RELIEF**

17. Answering Paragraph 17 of the Complaint, Defendant incorporates by reference its responses and denials to Paragraphs 1 through 16 above as though fully set forth herein.

18. Answering Paragraph 18 of the Complaint, Defendant avers that the statements are contentions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

///
///

- 3 -    Case No. 08-03289-JM7
Adversary No. 11-90105-JM

ANSWER OF BLUEHORNET NETWORKS INC.

## PRAYER FOR RELIEF

**On the First Claim for Relief:**

1. Answering Paragraph 1 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

2. Answering Paragraph 2 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

3. Answering Paragraph 3 of the Prayer for Relief (both subparts a. and b.), Defendant denies that Plaintiff is entitled to the relief requested or any relief.

**On the Second Claim for Relief:**

1. Answering Paragraph 1 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

**On All Claims for Relief:**

1. Answering Paragraph 1 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

2. Answering Paragraph 2 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's claims for relief rather than an element of an affirmative defense, Defendant BlueHornet Networks, Inc. alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each purported claim for relief therein, fails to set forth sufficient facts to state a claim or cause of action upon which relief may be granted against Defendant.

LAW OFFICE OT THOMAS A. MILLER, PC
ATTORNEY AT LAW
SAN CLEMENTE, CA

## SECOND AFFIRMATIVE DEFENSE

**(Payment in Ordinary Course of Business)**

2. Any and all payments by Debtor to Defendant within the 90 day period prior to April 22, 2008 challenged by Plaintiff were payments made in the ordinary course of business under 11 U.S.C. §547(c)(2) and not subject to avoidance or recovery.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed, that judgment be entered for Defendant, that Defendant be awarded its attorneys' fees and costs of litigation, and for such other relief as the Court deems proper.

## JURY DEMAND

Defendant demands a jury trial on all issues for which a jury is authorized.

DATED: April 21, 2011

LAW OFFICE OF THOMAS A. MILLER, PC

By: /s/ Thomas A. Miller
Thomas A. Miller
E-mail: Thom@ThomMillerLaw.com

**ATTORNEY FOR DEFENDANT BLUEHORNET NETWORKS, INC.**

- 5 -    Case No. 08-03289-JM7
Adversary No. 11-90105-JM

ANSWER OF BLUEHORNET NETWORKS INC.

LAW OFFICE OT THOMAS A. MILLER, PC
ATTORNEY AT LAW
SAN CLEMENTE, CA

**PROOF OF SERVICE**

I, Thomas A. Miller, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 156 Avenida Victoria, California 92672. On April 21, 2011, I served a copy of the within document(s): ANSWER OF DEFENDANT BLUEHORNET NETWORKS, INC. TO COMPLAINT TO AVOID AND RECOVER ALLEGED PREFERENTIAL TRANSFERS; AFFIRMATIVE DEFENSES and JURY DEMAND; and NOTICE OF NON-COMPLIANCE WITH MANDATORY ELECTRONIC FILING

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Clemente, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

John L. Morrell, Esq.
Rahil K. Swigart, Esq.
HIGGS FLETCHER & MACK LLP
401 West A. Street, Suite 2600
San Diego, CA 92101

I declare under penalty of perjury that the foregoing document is correct.

Executed on April 21, 2011, at San Clemente, California.

_____
Thomas A. Miller

LAW OFFICE OF THOMAS A. MILLER, PC
ATTORNEY AT LAW
SAN CLEMENTE, CA

CASE NO. 08-03289-JM7
ADVERSARY 11-90105-JM

PROOF OF SERVICE ON ANSWER OF BLUEHORNET NETWORKS, INC.